UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER M. THOMPSON

Plaintiff,

CASE NO.: 3:14-CV-314-J-32PDB

**Jury Trial Demanded**

v.

MIDLAND CREDIT MANAGEMENT,

Defendant.

_____/

## COMPLAINT

Plaintiff, CHRISTOPHER M. THOMPSON, by and through undersigned counsel, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") sues the Defendant, Midland Credit Management, for damages and, as grounds therefore, states:

## NATURE OF ACTION

This action arises out of violations by Defendant, Midland Credit Management, and its agents, employees and representatives, of the FDCPA, 15 U.S.C. § 1692, et seq, which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692c(a)(2). The Venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue properly lies in this District in Florida for the following reasons.

   A.   The violations addressed in this Complaint occurred substantially or completely in this District.

    B.    Plaintiff, Christopher M. Thompson, resides in this District; and

    C.    Defendant, Midland Credit Management, transacts business in this District.

4. This Court properly has jurisdiction over the parties.

## PARTIES

5. At all times material hereto, Plaintiff, Christopher M. Thompson (Hereinafter Thompson), was and is a natural person residing in the state of Florida.

6. At all times material hereto, Thompson, was and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. At all times material hereto, Defendant, Midland Credit Management (Hereinafter Midland), was and is a limited liability corporation registered within the State of Florida maintaining its principal place of business in California.

8. Midland maintains a registered agent in the State of Florida.

9. Midland conducts substantial business in the State of Florida.

10. Midland engaged, by regular, direct and indirect use of instrumentalities of interstate commerce including the United States mail service and telephone, in attempting to collect an alleged debt from Plaintiff as defined by 15 U.S.C. § 1692a(5) at all times material to this action.

11. Midland's principle business was and is servicing and collecting consumer debts by use of United States mail and telephone and is, therefore a debt collector as defined by 15 U.S.C. § 1692a(6) at all times material to this action.

## FACTUAL ALLEGATIONS

12. Thompson is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to a creditor other than Defendant.

13. Thompson incurred the aforementioned alleged financial obligation to HSBC Bank Nevada arising from a personal credit card account.

14. The aforementioned HSBC Bank Nevada personal charge card account constitute a transaction or transactions in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1692a(5).

15. Midland asserted ownership of the debt through purchase and assignment of said debt from GE Capital Retail Bank.

16. Based upon representations made by Midland, Thompson believes that Midland purchased the personal charge account from HSBC Bank Nevada or the successor in interest of HSBC Bank Nevada as part of a business plan to dispose of uncollectible consumer accounts of HSBC Bank Nevada or its successor in interest in a business practice known more commonly in the debt collection trade as "debt scavenging," "zombie debt collection," or "junk debt collection" wherein debt collection businesses follow a business model of purchasing charged-of accounts from original lenders for pennies on the dollar

17. On December 11, 2013, Plaintiff communicated to Defendant via Fax stating "Please stop all communication." (Exhibit "A")

18. On December 12, 2013 Defendant sent a letter to Plaintiff attempting to collect on the debt. (Exhibit "B").

19. On December 26, 2013 Defendant sent a second letter to Plaintiff attempting to collect on the debt. (Exhibit "C"

20. On January 5, 2014 Defendant called Plaintiff's cell phone at 3 different times. (Exhibit "D").

21. On February 5, 2014 Defendant sent a third letter to the Plaintiff attempting to collect on the debt. (Exhibit "E").

22. On February 12, 2014 Defendant sent a fourth letter to the Plaintiff attempting to collect on the debt. (Exhibit "F").

## COUNT I
## FAILURE TO CEASE COMMUNICATIONS
## IN VIOLATION OF FDCPA 15 U.S.C. § 1692c(c).

23. Plaintiff, CHRISTOPHER M. THOMPSON, hereby re-alleges and incorporates Paragraphs 1 through 21 as if herein fully pled.

24. After receiving Plaintiff's written notice to cease further communication dated December 11, 2013, Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the FDCPA 15 U.S.C. § 1692c(c).

25. On December 12, 2013 Defendant sent a letter to Plaintiff attempting to collect on the debt. (Exhibit "B").

26. On December 26, 2013 Defendant sent a second letter to Plaintiff attempting to collect on the debt. (Exhibit "C").

27. Defendant repeatedly continued to call Plaintiff on the following dates and times (Exhibit "D"):

    1. 1/5/2014 at 8:00 A.M.

    2. 1/5/2014 at 9:04 A.M.

    3. 1/5/2014 at 10:28 A.M.

28. On February 5, 2014 Defendant sent a third letter to Plaintiff attempting to collect on the debt. (Exhibit "E").

Case 3:14-cv-00314-TJC-PDB   Document 1   Filed 03/20/14   Page 5 of 6 PageID 5

29. On February 12, 2014 Defendant sent a fourth letter to Plaintiff attempting to collect on the debt. (Exhibit "F").

30. 15 U.S.C. § 1692k authorizes an award of damages from any debt collector who fails to comply with any provisions of 15 U.S.C. § 1692 equal to any actual damages caused as well as damages up to $1,000.00 plus reasonable attorney's fees and costs incurred by the plaintiff.

**WHEREFORE**, Plaintiff, CHRISTOPHER M. THOMPSON, demands trial by jury, judgment in favor of Plaintiff and against Defendant, MIDLAND CREDIT MANAGEMENT, for statutory damages in the amount of $1,000.00 per violation plus actual damages, and pre-judgment interest, post-judgment interest, costs and attorneys' fees.

## VERIFICATION

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this Complaint and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated 3 / 14 / 14

_/s/ Christopher M. Thompson_
CHRISTOPHER M THOMPSON

**State of Florida**       )

**County of St. Johns**    )

On this 14th day of March, 2014, before me personally appeared CHRISTOPHER M. THOMPSON who is personally known to me or has produced ___FLDL___ as identification, and being duly sworn, acknowledged that she executed the foregoing Complaint as her act and deed, and that she has read same and knows the contents thereof.



NOTARY PUBLIC
My Commission Expires:

Dated this 14th day of March, 2014.

MICHAEL TIERNEY, P.A.,
Michael Tierney, Esquire
Florida Bar No.: 643475
918 Beard Avenue
Winter Park, Florida 32789
Tel: (407) 740-0074
Attorney for Plaintiff